UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOUSTON SPECIALTY INSURANCE                    CIVIL ACTION
COMPANY


VERSUS                                         NO: 13-639


NEW JAX CONDOMINIUMS                           SECTION: R
ASSOCIATION INCORPORATED ET
AL.

<u>**ORDER AND REASONS**</u>

Houston Specialty Insurance Company ("Houston Specialty")
moves for judgment on the pleadings, or, in the alternative,
summary judgment.[1] For the following reasons, Houston Specialty
has a duty to defend Jax Bar, and the question of whether Houston
Specialty owes a duty to indemnify Jax Bar is premature.

**I.    BACKGROUND**

New Jax Condominium Association ("New Jax") filed a state
court lawsuit against 620 Decatur, LLC ("Jax Bar") claiming that
Jax Bar's music is too loud. Houston Specialty, Jax Bar's general
liability insurer, filed this action seeking a declaratory
judgment that it does not owe a duty to defend or indemnify Jax
Bar in the underlying suit.

Jax Bar operates a nightclub in New Jax's condominium
building at 620 Decatur Street.[2] As with most nightclubs, Jax Bar

---

[1] R. Doc. 22.

[2] R. Doc. 1-2 at 4 (noting that Jax Bar owns condominium
unit 1-A).

tends to play music at night. New Jax argues that Jax Bar has been playing "illegal live and/or recorded amplified and unamplified music and entertainment which is so offensive as to deprive its neighbors of their peacable [sic] possession of their property."[3] New Jax alleges that this loud music is a nuisance and a "noise trespass which unreasonably deprives Defendant's neighbors of the peaceful enjoyment of their neighboring homes and/or property."[4] Further, New Jax alleges that Jax Bar "knew and/or should have known that its uncontrolled presentation of illegal music and entertainment would disturb the peace of the Premises and cause damage to its neighbors."[5]

New Jax alleges that Jax Bar is acting in violation of Louisiana statues because the noises emanating from the club are "sufficient to cause physical discomfort and annoyance to Association members and residents,"[6] and constitutes a public and civil nuisance. Jax Bar is also allegedly operating in violation of New Orleans noise ordinances and the New Jax Condominium Association agreement.[7] New Jax seeks injunctive and declaratory relief.

----

[3] R. Doc. 22 at 4.

[4] *Id.*

[5] *Id.* at 4-5.

[6] *Id.* at 5.

[7] *Id.* at 6-8.

2

Houston Specialty seeks a declaration from this Court that it does not have to defend or indemnify Jax Bar. It moves for a judgment on the pleadings, or, in the alternative, for summary judgment.

## II.  JUDGMENT ON THE PLEADINGS

Plaintiff has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). As it does when deciding a motion to dismiss under Rule 12(b)(6), the Court must consider the facts in a light most favorable to the non-moving party and will accept as true the plausible factual allegations in the non-moving party's pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1368 (3d ed.). In deciding this motion, the Court must look only to the pleadings, *Brittan Commc'ns*, 313 F.3d at 904, which includes exhibits attached to the pleadings. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). Houston Specialty's pleadings attach the insurance policy and the underlying petition for

damages.[8] These are the only documents relevant to Houston Speciality's duty to defend. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) ("Under Louisiana's 'Eight Corners Rule,' we must assess whether there is a duty to defend by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence.").

## III. HOUSTON SPECIALTY HAS A DUTY TO DEFEND JAX BAR

An insurer's duty to defend suits against its insured is broader than its obligation to indemnify for damage claims. *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001); *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 51-52 (La. 2005); *Yount v. Maisano*, 627 So. 2d 148, 153 (La. 1993). Under Louisiana law, an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. *See Martco*, 588 F.3d at 872; *La. Stadium & Exposition Dist. v. BFS Diversified Prods., LLC*, 49 So. 3d 49, 51 (La. Ct. App. 2010) ("The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy without consideration of extraneous evidence."). The insurer has a duty to defend unless the allegations "unambiguously preclude coverage." *Martco*, 588 F.3d at 872 (citing *Elliot v. Cont'l Cas. Co.*, 949 So. 2d 1247, 1250 (La. 2007)). The duty to defend "arises whenever the pleadings against the insured disclose a

---

[8] R. Docs. 1-2, 1-3.

4

possibility of liability under the policy." *Id.* at 872-73 (citing *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987)). *See also Holzenthal v. Sewerage & Water Bd. of New Orleans*, 950 So. 2d 55, 84 (La. Ct. App. 2007)("An insurer must provide a defense to an insured if, assuming all of the allegations to be true, there would be both coverage under the policy and liability to the plaintiff.") (citing *Am. Home Assur. Co. v. Czarniecki*, 230 So. 2d 253, 259 (La. 1969)). "The allegations . . . must be liberally interpreted in determining whether the claim falls within the scope of the insurer's duty to defend." *Hardy*, 236 F.3d at 290 (citing *Yount*, 627 So. 2d at 153). Accordingly, the Court must determine if the allegations in the complaint disclose a possibility of liability under the policy.

## A.   The Complaint Alleges a Set of Facts That Would Fall Within Coverage

The insurance policy provides that it covers "bodily injury" and "property damage" only if, among other things, the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."[9] Houston Specialty argues that New Jax's petition does not allege an "occurrence," "bodily injury," or "property damage" as required by the policy. Accordingly, it argues it has no duty to defend Jax Bar.

### 1.   New Jax's petition alleges property damage.

---

[9] R. Doc. 1-3 at 14.

The insurance policy defines property damage, in pertinent part, as follows:

> a. Physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.[10]

New Jax alleges that members of the Association have been deprived of "their peacable [sic] possession of their property" and "the peaceful enjoyment of their neighboring homes and/or property.[11] By alleging that its members have lost peaceable possession of their property, New Jax has alleged "loss of use of tangible property that is not physically injured."[12] Accordingly, New Jax alleges property damage under the terms of the insurance policy.

**2. New Jax's petition alleges bodily injury.**

The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[13] New Jax alleges that

---

[10] R. Doc. 1-3 at 28.

[11] R. Doc. 1-2 at 4.

[12] R. Doc. 1-3 at 28.

[13] *Id.* at 26.

Jax Bar has caused its members "physical discomfort."[14] Houston Specialty concedes that New Jax has alleged bodily injury as a result of Jax Bar's actions and that nuisances may cause bodily injury.[15] Accordingly, New Jax has alleged bodily injury under the insurance policy.

**3. New Jax's petition alleges an occurrence.**

Despite New Jax's allegations of property damage and bodily injury, Houston Specialty argues that New Jax has failed to allege an "occurrence" as required by the insurance policy. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[16] Although the policy does not define "accident," the Fifth Circuit has stated that "when the word 'occurrence' is defined as an 'accident', the occurrence of an unforeseen and unexpected loss constitutes an 'accident' and therefore an 'occurrence.'" *Freeport-McMoRan Energy v. Mullen*, 233 F. App'x 341, 345 (5th Cir. 2007) (quoting *N. Am. Treatment Sys., Inc. v. Scottsdale Ins. Co.*, 943 So. 2d 429, 444 (La. Ct. App. 2006)) (internal quotation marks omitted); *see also Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 678 (5th Cir. 2000).

---

[14] R. Doc. 1-2 at 5.

[15] R. Doc. 22-1 at 9.

[16] R. Doc. 1-3 at 27.

Under Louisiana law, courts interpret whether an event is an "accident" from the viewpoint of the victim; losses that the victim could not expect are the result of an accident. *See, e.g.*, *Freeport-McMoRan Energy*, 233 F. App'x at 345; *Jernigan v. Allstate Ins. Co.*, 269 F.2d 353, 356-57 (5th Cir. 1959); *Tsolainos v. Tsolainos*, 59 F. Supp. 2d 592, 596 (E.D. La. 1999); *N. Am. Treatment Sys., Inc.*, 943 So. 2d at 444; *Gaylord Chem. Corp. v. ProPump, Inc.*, 753 So. 2d 349, 354 (La. Ct. App. 2000) ("Accident is defined from the viewpoint of the victim."); *see also* 15 William Shelby McKenzie and H. Alston Johnson III, *Louisiana Civil Law Treatise: Insurance Law and Practice* § 6:7 (4th ed.).

The question, then, is whether the New Jax members expected their alleged damages. While New Jax "was aware that Jax Bar was operating a restaurant/nightclub" and was aware "that as a part of its operation, Jax Bar would provide live and/or recorded amplified and unamplified music and entertainment within the applicable ordinances and zoning laws,"[17] the damages New Jax alleges are not due to the normal playing of music at Jax Bar. Instead, New Jax's damages allegedly arise from Jax Bar playing music at levels that violate local ordinances, state law, and the condominium agreement. It is possible that New Jax's members did not expect Jax Bar to play music so loud as to violate these laws

---

[17] R. Doc. 34 at 11.

and to cause them damage. *See, e.g.*, *Estate of Patout v. City of New Iberia*, 849 So. 2d 535, 546 (La. Ct. App. 2002) (finding that city's continuous dumping of garbage on landowner's property adjacent to landfill triggered coverage under city's liability policies). New Jax alleges that it entered into a condominium agreement that "prohibits disturbing noises, and specifically prohibits the playing of live and/or recorded music between the hours of 11:00 p.m. and 8:00 a.m."[18] Seemingly, New Jax would not have entered into this agreement had the members expected Jax Bar to disregard its terms and cause them damage. Accordingly, because the New Jax members possibly could not anticipate that Jax Bar would play music so loud as to injure them, the complaint alleges facts that would fall within coverage.

Finally, Houston Specialty relies on cases that discuss policies that define "occurrence" differently than the policy in this case. *See, e.g.*, *Williams v. City of Baton Rouge*, 731 So. 2d 240, 252 (La. 1999). Specifically, Houston Specialty's definition of "occurrence" does not include the language excluding injuries expected from the viewpoint of the insured.[19] For this reason,

---

[18] R. Doc. 22-4 at 8.

[19] It is true that the policy provides for an "Expected or Intended Injury" exclusion, which excludes "'Bodily injury' or 'property damage' expected or intended *from the standpoint of the insured*." R. Doc. 1-3 at 15 (emphasis added). Houston Specialty does not invoke this exclusion in its briefs and discusses only whether there is an "occurrence" under the policy. To the extent that Houston Specialty adverts to the language of this exclusion,

9

the cases cited by Houston Specialty are inapposite. As the

_____

this offers no help.

The allegations in the complaint do not suggest that Jax Bar desired to cause New Jax harm. New Jax alleges that Jax Bar "knew and/or should have known that its uncontrolled presentation of illegal music and entertainment would . . . cause damage to its neighbors." R. Doc. 1-2 at 5. There are no allegations that Jax Bar desired to harm New Jax.

Nor do the allegations of the complaint support the conclusion that Jax Bar believed that New Jax's harms were substantially certain to occur. If, as alleged, Jax Bar "*should have known*" about the damage to New Jax, R. Doc. 1-2 at 5, then it is possible that Jax Bar did not know, and therefore did not "believe that the results were substantially certain to occur." *Williams*, 731 So. 2d at 253. *Compare Pique v. Saia*, 450 So. 2d 654, 655-56 (La. 1984) (intended injury exclusion did not apply when insured pushed a police officer during a struggle, but "did not desire or know to a substantial certainty that his particular act of pushing away from the fence would result in injury to the plaintiff"), *and Williamson v. Historic Hurstville Ass'n*, 556 So. 2d 103, 108 (La. Ct. App. 1990), *and Sherwood v. Sepulvado*, 362 So. 2d 1161, 1163-64 (La Ct. App. 1978) (exclusion did not apply when insured pushed a person but did not intend to harm her because "[w]hen the act is intentional, but the injury is not, the exclusionary clause is not applicable"), *with Williams*, 731 So. 2d at 254 (insured's excavation of the injured party's property was excluded because the insured "knew that the property damage would occur" when it excavated "large ditches with heavy construction equipment through private property without the landowner's consent continuously over a two month period"), *and Yount*, 627 So. 2d at 153 (exclusion applies when insured commits "a battery on another individual, repeatedly strikes him in the face with both fists, and kicks him repeatedly in the face"). New Jax's allegations therefore leave open the possibility that Jax Bar did not desire to harm New Jax and that Jax Bar did not believe that New Jax's injuries were substantially certain to result.

Further, Jax Bar could reasonably expect its insurer to cover the alleged damages in this case. Because the allegations in the complaint do not suggest that Jax Bar intended *any* injury, it is reasonable for Jax Bar to expect coverage for any damage it unintentionally causes to third-parties. Accordingly, the Expected or Intended Injury exclusion does not aid Houston Specialty.

10

foregoing analysis makes clear, Houston Specialty has a duty to defend.

## IV. A DECLARATION ON HOUSTON SPECIALITY'S DUTY TO INDEMNIFY IS PREMATURE

Houston Speciality also seeks a declaration that it owes no duty to indemnify Jax Bar.[20] In determining an insurer's duty to indemnify, the Court is not limited to the allegations in the complaint, but rather "must apply the Policy to the actual evidence adduced at the underlying liability trial together with any evidence introduced in the coverage case." *Martco*, 588 F.3d at 877. Although the interpretation of an insurance contract presents a question of law rather than of fact, the Court must apply the policy to the evidence presented to determine whether there is coverage under the insuring clause and whether a policy exclusion applies. *See id.* at 878-84 (applying Louisiana law to determine whether "[a] review of the evidence adduced at trial, the resulting verdict and judgment, and the applicable Louisiana law reveals that [the insured] clearly carried its burden of establishing coverage under the insuring clause"); *Meloy*, 504 So. 2d 833 at 839 (liability "can only be determined after trial on the merits"). Accordingly, while a duty to defend is justiciable before the underlying issue of liability is resolved, the duty of indemnity is generally not. *See Coregis Ins. Co. v. School Bd. Of*

---

[20] R. Doc. 1 at 8.

*Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2-3 (5th Cir. June 6, 2008). Because liability in the underlying case has not yet been determined, the Court will not issue a declaratory judgment on Houston Specialty's duty to indemnify Jax Bar.

**V.   CONCLUSION**

For the above stated reasons, Houston Specialty has a duty to defend Jax Bar, and the question of whether Houston Specialty owes a duty to indemnify Jax Bar is premature.


New Orleans, Louisiana, this 13th day of August, 2013.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE