```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


HOUSTON SPECIALTY INSURANCE            CIVIL ACTION
COMPANY


VERSUS                                 NO: 13-639


NEW JAX CONDOMINIUMS ASSOCIATION,      SECTION: R(1)
INC., et al.
```

### ORDER AND REASONS

Before the Court is defendant 620 Decatur, LLC's motion to stay pending resolution of state court proceedings.[1] For the following reasons, the motion is GRANTED.

New Jax Condominium Association ("New Jax") filed a state court lawsuit against 620 Decatur, LLC ("Jax Bar"), claiming that Jax Bar's music is too loud.[2] Houston Specialty Insurance Company ("Houston Specialty"), Jax Bar's general liability insurer, filed this action under the Declaratory Judgment Act, seeking a declaratory judgment that it does not owe a duty to defend or indemnify Jax Bar in the state court suit.[3] Houston Specialty moved for judgment on the pleadings, or, in the alternative, summary judgment.[4] The Court ruled that Houston Speciality has a

---

[1] R. Doc. 40.

[2] R. Doc. 1-2.

[3] R. Doc. 1.

[4] R. Doc. 22.

duty to defend Jax Bar in the underlying suit, but that the question of whether it owes a duty to indemnify is premature.[5] Specifically, the Court held that it would "not issue a declaratory judgment on Houston Specialty's duty to indemnify Jax Bar" until "liability in the underlying case has . . . been determined."[6]

Jax Bar now moves to stay this action pending resolution of the state court proceedings.[7] Defendant New Jax agrees that the case should be stayed, because Jax Bar's liability in the underlying state court suit has not been determined.[8] Houston Specialty opposes the motion to stay on the ground that certain policy provisions might establish that it does not have a duty to indemnify, regardless of the results of the state court proceedings.[9]

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). As the Court previously concluded, the

---

[5] R. Doc. 35.

[6] *Id.* at 12.

[7] R. Doc. 40.

[8] R. Doc. 43.

[9] R. Doc. 45 at 1.

question of whether Houston Specialty has a duty to indemnify Jax Bar is premature, because Jax Bar's liability in the underlying state court suit has not yet been determined.[10] *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("in assessing the duty to indemnify . . . we must apply the Policy to the *actual evidence adduced at the underlying liability trial*") (emphasis added). Further, determination of Houston Specialty's duty to indemnify may prove unnecessary, if Jax Bar is found not liable in state court. For these reasons, the Court exercises its discretion to stay the proceedings until Jax Bar's liability is determined in the underlying suit.

Accordingly,

IT IS ORDERED that Jax Bar's motion to stay pending resolution of the state court proceedings is GRANTED. This matter is administratively closed until such time as there is a motion to reopen the case upon conclusion of the state court proceedings.

New Orleans, Louisiana, this __26th__ day of November, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. 35 at 11-12.